UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-290-GWU

HELEN SMITH, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review, pursuant to the provisions of the Social Security Act, of an administrative decision of the Commissioner of Social Security; at issue is the denial of her applications for Disability Insurance Benefits (DIB), Supplemental Security Income (SSI) and Disabled Widow's Insurance Benefits (WIB). The case is currently before the Court on cross-motions for summary judgment.

### LAW APPLICABLE TO WIDOW'S INSURANCE BENEFITS

The medical evidence relating to such widow's insurance benefits claims filed on or after January 1, 1991, or applications pending on or after that date, are to be evaluated under the same standards as are applied to other Title II disability claims. Omnibus Budget Reconciliation Act (OBRA) of 1990, Pub. L. No. 101-508,

1

Smith

Section 5103. Accordingly, a review of the principles applicable to judicial review of these other claims is necessary.[1]

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Disability Insurance Benefits or Supplemental Security Income benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520)c), 404,1521, 416.920©), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

---

[1] Other requirements for widow's benefits were not at issue in the present case.

Smith

>   6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).
>
>   7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work-- i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of

Smith

gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656, (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. If there is objective medical evidence of a medical condition, the court must determine if (1) objective evidence confirms the severity of the alleged pain arising from the condition, or (2) the objectively-established medical condition is of such severity that it can reasonably be expected to produce disabling pain. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002 (6th Cir. 1988).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's

Smith

instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

    In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

    Additional information concerning the specific steps in the test is in order.

    Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-one work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Smith

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P. Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smith, a 46 year-old former service desk clerk, cashier, nurse's aide, and deli clerk with a high school equivalent education, suffered from impairments related to obesity, hypertension, loss of vision in the right eye (light vision only), degenerative disc disease at L3-L4, L4-L5, L5-S1 with small posterior calcified soft protrusions at those levels, and a small central disc protrusion at L5-S1, and a pain disorder.  (Tr. 28, 32).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ

Smith

determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 32). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 32-33). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 33).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to light level work along with such non-exertional limitations as (1) a preference for lifting from table-top or counter-top level only; (2) the need for a sit/stand option in intervals of 30 minutes to one hour with an inability to stand or walk for more than a total of five hours in an eight-hour day or to sit for more than a total of five hours in an eight-hour day; (3) an inability to ever crawl or climb ladders, ropes, scaffolds and or step-stools; (4) an inability to more than occasionally balance, kneel, stoop, crouch, or kneel; (5) having monocular vision with only light vision in the right eye; (6) a need to avoid exposure to unprotected heights, moving machinery, temperature extremes, excessive humidity, and vibration; (7) a limitation to low stress entry-level, non-production quota work; (8) a limitation to simple, at most three-step work procedures with minimal change in the work routine; and (9) a limitation to jobs requiring only minimal exposure to the

Smith

general public. (Tr. 663-664). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 665-666). Therefore, assuming that the vocational factors considered by Crystal fairly characterized Smith's condition, then a finding of disabled status, within the meaning of the Social Security Act is precluded.

With regard to framing of the physical factors of the hypothetical question, the undersigned finds no error. The physical factors were consistent with the opinion of Dr. Mark Burns, an examining consultant, who examined Smith on two occasions and each time opined that she did not suffer from any physical restrictions. (Tr. 286-289, 414). The question was also compatible with the physical restrictions identified by Dr. John Rawlings (Tr. 248-256) and Dr. Parandhamulu Saranga (Tr. 502-511), the non-examining medical reviewers. These reports provide substantial evidence to support the administrative decision.

Dr. John Gilbert, a treating physician, identified more severe physical restrictions than those found by the ALJ in March of 2003 (Tr. 257-259) and in June of 2005 (Tr. 564-566).[2] The ALJ cited a number of reasons for rejecting these opinions as binding. (Tr. 31). With regard to the March, 2003 assessment, the ALJ incorporated by reference the discussion of a prior ALJ in this action who asserted that Dr. Gilbert's treatment records provided no support for the additional

---

[2] Dr. Gilbert's restrictions regarding lifting, carrying, standing, walking, sitting and postural activities were far more severe in 2003 than in 2005. No explanation for this change was indicated.

9

Smith

environmental limitations he included such as findings concerning a hearing or pulmonary impairment.[3]  (Tr. 31, 306).  The doctor also cited Dr. Burns' normal physical findings upon his December, 2003 examination.  (Tr. 306).  The current ALJ noted similar problems with Dr. Gilbert's June, 2005 assessment.  (Tr. 31).  Therefore, the Court finds that this opinion was properly rejected by the ALJ.

Dr. George Chaney, Smith's family physician, identified the existence of more severe restrictions regarding sitting and standing or walking than found by the ALJ.  (Tr. 574-575).  The ALJ rejected this opinion as binding as well and cited a number of reasons for this action including the plaintiff's statements concerning her activities of daily living, the lack of objective medical studies supporting the claim, and lack of clinical findings by Dr. Burns.  (Tr. 31).  This action would appear appropriate.

Smith argues that the ALJ erred in evaluating her physical condition because he relied in part upon the findings of the medical reviewers, neither of whom had the opportunity to see and comment upon the assessment of Dr. Chaney, which was completed after the reviewers examined the record.  The Court notes that Dr. Burns did examine the plaintiff and his two reports support the administrative decision. Dr. Saranga at least did see the bulk of Dr. Chaney's treatment records, as well as those of Dr. Gilbert, and indicated that he based his opinion in part upon them.  In particular, Dr. Saranga saw the May, 2004 lumbar spine MRI Scan showing a small disc protrusion at L5-S1 obtained at Dr. Chaney's request, but in view of the overall

---

[3]The case had been remanded by the Appeals Council.  (Tr. 592-593).

Smith

record, including Dr. Burns' finding of a lack of restrictions, did not find this to be totally disabling. (Tr. 502-509).[4]  Therefore, the Court finds no error.

With regard to the framing of the mental factors of the hypothetical question, the undersigned finds no reversible error. The mental factors of the hypothetical question were compatible with the opinion of Dr. Chaney, who rated Smith's functioning as "good" in all areas. (Tr. 576). The question was also arguably consistent with the mental limitations indicated by Psychologist Christopher Catt, an examining consultant (Tr. 420), as well as those reported by Psychologists Ilze Sillers (Tr. 456-457) and January Jacobson (Tr. 497-498), the non-examining medical reviewers.[5]  The claimant's treating source at the Kentucky River Community Care Center did not report the existence of more severe impairments than those found by the ALJ. (Tr. 478-481). These reports provide substantial evidence to support the administrative decision.

Dr. Gilbert reported the existence of very severe mental limitations on his March, 2003 assessment. (Tr. 260). The ALJ rejected this opinion as binding noting that it was inconsistent with the doctor's statement that the "she has completed a psychological profile and is okay." (Tr. 31). The ALJ also noted that

---

[4] It does not appear that the plaintiff even mentioned back pain in her 2005 office visits with Dr. Chaney. (Tr. 513-519).

[5] Catt and the reviewers all reported the existence of "moderate" limitation of ability to sustain attention and concentration that was not specifically presented to the vocational expert. (Tr. 420, 456, 497). The plaintiff has not raised the omission of this factor as issue.

Smith

Dr. Gilbert was not a mental health professional and his opinion was contrary to that of Catt, and the medical reviewers, each of whom was a mental health professional. (Tr. 31). The administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of expertise than to the opinion of a source who is not a specialist." 20 C.F.R. Section 404.1527(d)(5). Furthermore, the limitations were offset by those of Dr. Chaney. Therefore, the ALJ had good grounds to reject this opinion.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 25th day of April, 2007.



Signed By:

*G. Wix Unthank*

**United States Senior Judge**